# EXHIBIT   E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk-Newport News Division

| | | |
|---|---|---|
| TATYANA A. BABAKAEVA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: 4:11-cv-78 |
| | : | |
| ROBERT P. QUADROS, ESQ. | : | |
| | : | |
| and | : | |
| | : | |
| RAYMOND BACON, ESQ., | : | |
| | : | |
| and | : | |
| | : | |
| QUADROS & ASSOCIATES, P.C., | : | |
| | : | |
| Defendants. | : | |

### DECLARATION OF BRYAN H. SCHEMPF PURSUANT TO 28 U.S.C. §1746

I, Bryan H. Schempf, under penalty of perjury, hereby state and affirm as follows:

1.      I am an attorney duly licensed to practice law in the Commonwealth of Virginia. I am a partner in the firm of Schempf & Ware, PLLC located in Yorktown, Virginia.   This declaration is based on my personal knowledge unless stated otherwise.

2.      Prior to my employment with Schempf & Ware, PLLC, I was a partner in the law firm of Jones, Blechman, Woltz & Kelly, P.C. located in Newport News, Virginia (the "Firm") and authorized at all times to act on the Firm's behalf.

3.      On January 10, 2006, the Firm was retained by Nikolai I. Sinkine ("Mr. Sinkine") to represent him in a divorce action against his spouse, Tatyana A. Babakaeva ("Ms. Babakaeva") (the "divorce" or "divorce proceedings").   Mr. Sinkine was at all relevant times, a non-resident, alien subject of the Russian Federation.

4.      Mr. Sinkine did not execute a fee agreement or engagement letter at the onset of his representation and eventually was unable to stay current on his legal expenses because of his financial situation.  I agreed that the firm would remain as his counsel in the divorce proceedings on the condition that his current outstanding legal expenses and future legal expenses would be paid from his share of the net equity in the marital residence, once sold.  On January 5, 2007, Mr. Sinkine executed a Fee Agreement outlining this arrangement.  A true and accurate copy of the Agreement is attached hereto as Exhibit 1.

5.      During the pendency of the divorce proceedings, Mr. Sinkine incurred a total of $31,408.88 in legal expenses.

6.      On or about March 7, 2007, in order to protect the Firm's interests, I filed a Notice of Charging Lien in the divorce proceedings pursuant to Virginia Code §54.1-3932.  A true and accurate copy of the Notice of Charging Lien is attached hereto as Exhibit 2.

7.      From approximately mid-March of 2007 to mid-June of 2007, Ms. Babakaeva was represented by Paul Wilson with the law firm of Wilson & Wilson, P.C. (collectively "Wilson").

8.      In April 2007, the marital residence of Mr. Sinkine and Ms. Babakaeva (collectively, the "parties") was sold.  By agreement of the parties, the remainder of the proceeds from the sale of the marital residence, a total of $92,291.07, was placed in an escrow account with Wilson (the "proceeds held by Wilson").

9.      During the pendency of the divorce, the parties were unable to reach an agreement as to the distribution of the proceeds held by Wilson.  However, Mr. Sinkine believed he was entitled to approximately $54,984.88 of the proceeds held by Wilson because a portion of this amount represented repayment of his separate contribution to the purchase of the house and a

2

credit because he had made the monthly mortgage payments, additional principal payments and utility payments. This position was outlined in a document entitled "Husband's Analysis of Real Property." A true and accurate copy of the first page of Husband's Analysis of Real Property is attached hereto as Exhibit 3. This position was also taken during the hearing on equitable distribution before Judge Andrews in May 2007.

10.    During his representation and thereafter, I was never advised by Mr. Sinkine that he was disclaiming, surrendering or otherwise abandoning his claim to any of the proceeds held by Wilson.

11.    The Decree of Divorce was entered by the Hampton Circuit Court on June 19, 2007 and specifically indicated that "[t]here is a Motion before the Court for a Decree of Reference regarding matters of equitable distribution in this case which is in dispute." Wilson was directed by the Hampton Circuit Court to hold the proceeds from the sale of the marital residence "until further Order of the Court." A true and accurate copy of the Decree of Divorce is attached hereto as Exhibit 4.

12.    Based on the language in the Decree of Divorce and my review of the transcript of the May 2007 hearing, I was of the opinion that the Hampton Circuit Court retained jurisdiction over the equitable distribution issues.

13.    On or about January 14, 2008, I filed a second Notice of Charging Lien in the divorce case pursuant to Virginia Code §54.1-3932. A true and accurate copy of the Notice of Charging Lien is attached hereto as Exhibit 5.

14.    On or about January 18, 2008, I filed a Petition to Enforce Attorney's Charging Lien. A true and accurate copy of the Notice of Charging Lien is attached hereto as Exhibit 6.

15.    A hearing was scheduled for February 28, 2008 on the Petition to Enforce Attorney's Charging Lien seeking entry of an Order determining that the Firm had a valid and enforceable charging lien against all marital property awarded to Mr. Sinkine.  This was done with the understanding that at the time, Mr. Sinkine's share of the proceeds held by Wilson still had not been determined and that no money could be distributed until such time as the matter of equitable distribution had been resolved.  A true and accurate copy of the copy of the Order prepared in anticipation of the hearing is attached hereto as Exhibit 7.

16.    On February 27, 2008, the day prior to the hearing referenced above, I received a letter and pleading entitled "Special Appearance Objecting to Jurisdiction" from Teddy Midkiff, an attorney from Chesterfield, Virginia who advised that he had been retained to represent Ms. Babakaeva.  A true and accurate copy of the letter and Special Appearance Objecting to Jurisdiction are attached hereto as Exhibits 8 and 9.

17.    Mr. Midkiff requested that the Petition to Enforce the Charging Lien be withdrawn.  He argued that the Court did not expressly reserve jurisdiction to decide the equitable jurisdiction issues and that the charging lien was premature.  Given the fact that I had received the documents from Mr. Midkiff less than 24 hours prior to the hearing and I knew I had other options available to pursue Mr. Sinkine for repayment of his legal fees, I did not spend the time researching the issues raised by Mr. Midkiff.  I did, however, elect to remove the hearing from the court's docket and continued the matter generally even though I was not convinced that the Court had lost jurisdiction over the matters of equitable distribution.  A true and accurate copy of the letter sent to the Court is attached hereto as Exhibit 10.  I did not remove the hearing from the docket for any other reasons other than outlined above.

4

18.     On or about March 28, 2008, Ms. Babakaeva and Mr. Sinkine sent a letter to Mr. Wilson indicating that the parties had not reached a settlement agreement which would resolve the dispute over the division of the proceeds held by Wilson, but demanded that Wilson release the funds to the parties.  A true and accurate copy of the letter is attached hereto as Exhibit 11.

19.     Based on the actions of Mr. Sinkine and Ms. Babakaeva, I had what I considered to be sufficient reason to believe that the proceeds held by Wilson were in jeopardy pursuant to Virginia Code §8.01-534.  Therefore, I requested that Quadros & Associates, P.C. proceed with filing a Complaint for Pretrial Attachment.

20.     On or about June 23, 2008, a Complaint for Pretrial Attachment was filed in the Circuit Court for the City of Newport News to recover from Mr. Sinkine the legal expenses incurred during the course of his representation in his divorce.  The property sought to be subjected to the attachment was Mr. Sinkine's interest in the proceeds from the sale of the marital residence and held in escrow by Wilson.

21.     At no point in time was the Firm attempting to access any proceeds and/or property that rightfully belonged to Ms. Babakaeva.  I had represented Mr. Sinkine in a contentious divorce and had access to his financial records, which led me to believe that he was entitled to at least half, if not more, of the proceeds from the sale of the marital residence which would fully cover the amount of legal expenses owed by Mr. Sinkine.  If a court determined otherwise with regard to the apportionment of the proceeds, I understood that the Firm would not be able to recover from the proceeds held by Wilson.  I also knew that it would be necessary to first obtain a judgment against Sinkine to perfect any lien.

22.     To the best of my knowledge and belief, all the statutory requirements for the filing of the Complaint for Pretrial Attachment were met.

5

23.     To the best of my knowledge and belief, the bond filed in the Complaint for Pretrial Attachment was proper and complied with all statutory requirements.

24.     Ms. Babakaeva was not included as a Defendant on the Complaint for Pretrial Attachment for several reasons.  First, because the Firm was not seeking attachment of any of Babakaeva's funds.  Second, because the Complaint for Pretrial Attachment would only prevail if a court determined that Sinkine was entitled to a portion of the proceeds held by Wilson. Third, pursuant to Virginia Code §8.01-539, Ms. Babakaeva was a discretionary, not mandatory, party to the action since she was also making a claim to a portion of the proceeds held by Wilson.

25.     There was no ulterior purpose in filing the Complaint for Pretrial Attachment. There was absolutely no reason to prevent Ms. Babakaeva from eventually obtaining whatever interest she had in the proceeds held by Wilson.

26.     The Complaint for Pretrial Attachment was removed to the United States District Court by Ms. Babakaeva.  After a year of litigation, based upon advice of counsel, the Complaint for Pretrial Attachment was voluntarily dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  The case was not dismissed for any reasons other than the fact that a simple state court action ended up in federal court and it was costing more money than it was worth to pursue the matter.

27.     When the Complaint for Pretrial Attachment was filed and thereafter, I was of the opinion that Sinkine was in fact, entitled to a portion of the proceeds from the sale of the marital residence.  I do not agree with the contention that Mr. Sinkine did not timely or properly assert and/or claim his interest in the proceeds held by Wilson.  I also do not agree with the contention that the entirety of proceeds held by Wilson became Ms. Babakaeva's by default and/or or

6

operation of law.   However, it was represented to me, after the voluntary dismissal of the Complaint for Pretrial Attachment, that Mr. Sinkine disclaimed his complete interest in the proceeds held by Wilson.

28.     On July 14, 2010, a judgment in the amount of $31,408.88 (the amount of Mr. Sinkine's outstanding legal expenses owed to Jones, Blechman, Woltz & Kelly, P.C.) plus costs of $239.00 was entered against Mr. Sinkine in favor of Jones, Blechman, Woltz & Kelly, P.C. True and accurate copies of the Judgment Order and Abstract of Judgment are attached hereto as Exhibits 12 and 13.  To date, the judgment has not been paid.


FURTHER, DECLARANT SAYETH NOT.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March  12 , 2012.


_____
Bryan H. Schempf

# EXHIBIT  1

HERBERT V. KELLY
RAYMOND H. SUTTLE
B.M. MILLNER
RALPH M. GOLDSTEIN
JOHN E. TOMPKINS, III
CONWAY H. SHIELD, III
DAVID W. OTEY
HERBERT V. KELLY, JR.
RICHARD B. DONALDSON, JR.
DAVID W. OTEY, JR.
MICHAEL B. WARE
ROBYN HYLTON HANSEN
LEONARD C. HEATH, JR.
RAYMOND H. SUTTLE, JR.
BRYAN H. SCHEMPF
HELENA S. MOCK
J. VANCE STALLINGS
SUSAN E. LUSCOMB
MATTHEW D. MEADOWS

# Jones, Blechman, Woltz & Kelly, P.C.
## Attorneys and Counselors at Law

701 TOWN CENTER DRIVE, SUITE 800
POST OFFICE BOX 12888
NEWPORT NEWS, VIRGINIA 23612-2888
(757) 873-8000
FACSIMILE: (757) 873-8103

000111

ALLAN D. JONES, 1875-1954
DANIEL SCHLOSSER, 1918-1977
F.D. BLECHMAN, 1915-1986
ARTHUR W. WG  1925-1953
THOMAS N. DOWNING, 1919-2001
SVEIN J. LASSEN, 1947-2006

SHAWN W. OVERBEY
LAUREN C. BADDAR
REBECCA I. SHWAYDER-AHAN
JUSTIN M. SIZEMORE
JOSEPH F. VERSER

485 McLAWS CIRCLE
WILLIAMSBURG, VIRGINIA 23185
(757) 259-5700
FACSIMILE: (757) 259-5717

REPLY TO: Newport News
Direct Dial No. 873-8110
Internet E-Mail Address: bschempf@jbwk.com

January 5, 2007

<u>VIA HAND DELIVERY</u>

Nikolai Sinkine

RE:    <u>Nikolai J. Sinkine v. Tatyana A. Babakaeva</u>
       Chancery No.: CL06-00110-00, Part IV

Dear Mr. Sinkine:

This confirms our previous discussions about payment of your existing and future legal expenses in connection with your pending divorce action.  Until you recently refinanced the house, you had not been able to stay current on your legal expenses which, as of December 31, 2006, total the amount of $9,840.40.  I have agreed to remain as your counsel in this case on condition that this amount, plus any future legal expenses and costs incurred on your behalf, are paid from your share of the net equity in the marital residence.

By your signature at the bottom of this letter, you acknowledge that you are indebted to this firm in the present amount of $9,840.40 and agree that this amount and any future amount for legal expenses and costs incurred on your behalf will be paid by the closing agent out your share of the net equity from the sale of your house.  You further agree that this letter can be disclosed by me to the closing agent to ensure that the legal fees and costs are paid out of the disbursement.

Very truly yours,

JONES, BLECHMAN, WOLTZ & KELLY, P.C.

Bryan H. Schempf

BHS/nzm

EXHIBIT
1

Jones, Blechman, Woltz & Kelly, P.C.

000112

Page 2

BHS/nrm

I certify that I have reviewed and understand the above letter and agree with the terms and conditions thereof.

*Nikolai Sinkine*                                    Date: _01/05/2007_
Nikolai I. Sinkine

Subscribed and sworn to before me this 5th day of January, 2007.

*Nadya R. Myers*
Notary Public

My commission expires: *February 29, 2008*

#395812/67526.001

# EXHIBIT  2

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF HAMPTON, Part IV

NIKOLAI I. SINKINE,

                    Plaintiff

v.                                              Case No.: CL06-00110-00

TATYANA A. BABALAEVA,

                    Defendant

## NOTICE OF CHARGING LIEN

TO:        Nikolai I. Sinkine, Plaintiff
           1 Pelican Shores Drive
           Hampton, Virginia 23666

           Tatyana A. Babakaeva, Defendant, *pro se*
           1 Pelican Shores Drive
           Hampton, Virginia 23666

    **YOU ARE HEREBY NOTIFIED** that pursuant to the provisions of § 54.1-3932 of the Code of Virginia, 1950, as amended, BRYAN H. SCHEMPF, claims statutory Attorney Charging Lien upon all marital property of the parties, upon all of the monies, properties, choses in action, claims and demands in suit, and upon any property which may be awarded to the Plaintiff, Nikolai Sinkine, or the Defendant, in this matter, upon any money or other property due to Plaintiff in the hands of Defendant, and all other property in any way involved in this proceeding. The claim of this charging lien is imposed against, but not limited to, the following funds and assets: the marital domicile located in Hampton, Virginia, described as Lot 30, Pelican Shores, and more commonly known as 1 Pelican Shores Drive, Hampton, Virginia 23666 and as grounds therefore, the undersigned states as follows:

    1.    That Bryan H. Schempf was retained by the Plaintiff, Nikolai I. Sinkine, to represent him in the above-captioned case.

    2.    That the terms and conditions of which Bryan Schempf agreed to represent

Attorneys and Counselors at Law
701 Town Center Drive, Suite 800, P. O. Box 12888
Newport News, VA 23612-2888
(757) 873-8000  Fax: (757) 873-8103

1

the Plaintiff are set forth in the Fee Agreement signed by Plaintiff on January 5, 2007, a copy of which is attached hereto.

      3.    That as of February 28, 2007, Plaintiff is indebted to Bryan H. Schempf in the amount of $15,704.00 for fees, and costs advanced/incurred pursuant to the Fee Agreement, and this sum is expected to further increase because the representation of the Plaintiff by Bryan H. Schempf is ongoing.  Plaintiff has been given credit for all payments by him up to the date of this Notice.

      WHEREFORE, by this Notice, Bryan H. Schempf, hereby claims an Attorney's Charging Lien.  The Law Firm of JONES, BLECHMAN, WOLTZ & KELLY, P.C. claims an ongoing Attorney's Charging Lien for all additional fees and costs advanced/incurred, as well as for all delinquency charges which may accrue in the future pursuant to the aforesaid Fee Agreement.

_____
Bryan H. Schempf

Bryan H. Schempf, Esquire
JONES, BLECHMAN , WOLTZ & KELLY, P.C.
701 Town Center Drive, Suite 800
Newport News, Virginia 23606
Office:  (757) 873-8110
Fax:  (757) 873-8053
Counsel for Plaintiff

<div style="writing-mode: vertical-rl">
Attorneys and Counselors at Law
701 Town Center Drive, Suite 800, P. O. Box 12888
Newport News, VA 23612-2888
(757) 873-8000  Fax: (757) 873-8103
</div>

## VERIFICATION

      I am the attorney named above.  I have read the attached notice and am familiar with its contents.  At all times relevant to this notice, I was and have been licensed to practice law in the Commonwealth of Virginia.  To the best of my knowledge, the contents of the notice are true and accurate.

_____
Bryan H. Schempf
Counsel for Plaintiff

2

COMMONWEALTH OF VIRGINIA

City of Newport News, to wit:

    Subscribed and sworn to before me by Bryan H. Schempf, Esquire, on the _1st_ day of March, 2007.

<div style="text-align:right">Notary Public</div>

My Commission Expires: _Nov. 30, 2007_

## CERTIFICATE

    I hereby certify a true copy of the foregoing Notice of Charging Lien was hand delivered to Nikolai Sinkine, Plaintiff, and was mailed by certified and regular mail to Tatyana A. Babakaeva, Defendant, pro se, at 1 Pelican Shores Drive, Hampton, Virginia 23666 on this _1st_ day of March, 2007.

<div style="text-align:right">Bryan H. Schempf</div>

400151/67526.001

<div style="writing-mode:vertical-rl">Attorneys and Counselors at Law<br>701 Town Center Drive, Suite 800, P. O. Box 12888<br>Newport News, VA 23612-2888<br>(757) 873-8000  Fax: (757) 873-8103</div>

# EXHIBIT  3

000010

## Husband's Analysis of Real Property Division

At the time of separation the parties had almost no savings because they had consistently paid extra amounts to reduce the mortgage balance. Husband's employment contract expired June 30, 2006.  Husband paid the mortgage, utilities and other joint expenses using credit cards, cash advances, and what little income Husband earned in part-time jobs at Hampton University. Because Wife refused to sell the house last summer, even though she knew Husband's job was in danger of not being renewed, Husband was forced to refinance because he had reached his credit card limit.

The house was sold in April for $395,000. Out of the net proceeds of $148,291.07, the parties have each received a partial distribution of $28,000, leaving a balance of $92,291.07.

$$92,291.07 \div 2 = \$46,145.53$$

|  | **H** | **W** |
|---|---|---|
| Husband's cash back from refinance | $46,145.53<br>-  3,207.00 | $46,145.53<br>+  3,207.00 |
| Credit Card ($18,967) minus 2 mortgage payments   ( $ 4,741) | -14,226.00 | +14,226.00 |
| Separate property adjustment | +26,272.35 | -26,272.35 |
| ~~Equally divide marital debt of $5470.92 (Chase Bank One and Countrywide)~~ | ~~- 2735.46~~ | ~~- 2735.46~~ |
|  | ~~$52,219.42~~ | ~~$34,520.22~~ |
|  | $54,984.88 | $37,306.18   = $92,291.07 |

EXHIBIT

3

# EXHIBIT   4

000012

VIRGINIA:  IN THE CIRCUIT COURT FOR THE CITY OF HAMPTON, Part IV

NIKOLAI I. SINKINE,

        Plaintiff

v.                             Case No.:  CL06-0110

TATYANA A. BABAKAEVA,

        Defendant

## DECREE OF DIVORCE

    **THIS CAUSE,** which has been regularly docketed, matured and set for hearing, came on this day to be heard upon the Complaint of Plaintiff; upon proper and legal service of process on the Defendant; upon Answer and Cross-Complaint of the Defendant; upon Defendant's Motion to Amend Grounds on the basis that the parties have lived continuously separate and apart without any cohabitation and without interruption for a period in excess of twelve (12) months; and upon the evidence taken <u>ore</u> <u>tenus</u> before the Court after proper notice to all parties.

    **UPON CONSIDERATION WHEREOF,** the Court grants Defendant's Motion to Amend and finds from the evidence, independently of the admissions of the parties in the pleadings or otherwise, the following facts:

    1.    That the Plaintiff, **Nikolai I. Sinkine**, and the Defendant, **Tatyana A. Babakaeva**, were lawfully married in **Newport News, Virginia**, on **April 9, 2002.**

    2.    That there was one child born of the marriage, to wit:  Kathy Elyn Babakaeva, born September 22, 2006.

    3.    There were no children born either party and adopted by the other or adopted by both parties to this marriage.

    4.    The present address of Plaintiff is **28 Kincaid Lane, Hampton, Virginia** 23666; and his birth date is **March 31, 1949.**

    5.    The present address of Defendant is **5 Pelican Shores Drive, Hampton, Virginia 23666**; and her birth date is **May 14, 1968.**

    6.    The parties are both over the age of eighteen (18) years and are sui juris.

    7.    Neither the Plaintiff nor the Defendant is a member of the Armed Forces of the United States on active duty.

JONES, BLECHMAN, WOLTZ & KELLY, P.C.
Attorneys and Counselors at Law
701 TOWN CENTER DRIVE, SUITE 800, P. O. BOX 12888
NEWPORT NEWS, VA 23612-2888
(757) 873-8000   FAX: (757) 873-8103

1


EXHIBIT
4

000013

8.    The Plaintiff and Defendant are and have been actual bona fide residents and domiciliaries of the Commonwealth of Virginia for a period of more than six (6) months immediately preceding the commencement of this suit.

9.    That Plaintiff and Defendant last cohabited together as husband and wife in **Hampton, Virginia** on or about **January 6, 2006**.

10.    That the parties have lived continuously separate and apart without any interruption and without any cohabitation since **January 6, 2006**, a period in excess of one (1) year.

11.    That at the time of separation of the parties on **January 6, 2006**, it was the intent of one or both of them to remain permanently separate and apart and to eventually obtain a final decree of divorce.

12.    That reconciliation is not probable or possible.

**Accordingly**, it is **ADJUDGED, ORDERED,** and **DECREED** that the Defendant, **Tatyana A. Babakaeva**, be and she is hereby absolutely divorced from the Plaintiff, **Nikolai I. Sinkine**, a vinculo matrimonii from the bond of matrimony, pursuant to §20-91(9) of the Code of Virginia (1950), as amended, on the grounds that the parties have lived continuously separate and apart without any cohabitation and without any interruption since **January 6, 2006**, a period in excess of one (1) year, and that the bond of matrimony created by the marriage between these parties be and the same is hereby dissolved. Plaintiff's Complaint is hereby dismissed.

It is **FURTHER ORDERED** and **DECREED** that:

A.    The marital domicile has been sold and the amount of $92,291.07 shall remain in escrow with Paul Wilson, Esquire until further Order of the Court.

B.    Pursuant to §20-124.5 of the Code of Virginia, 1950, as amended, THIRTY DAYS ADVANCE WRITTEN NOTICE SHALL BE GIVEN TO THE COURT AND THE OTHER PARTY BY ANY PARTY INTENDING TO RELOCATE AND OF ANY INTENDED CHANGE OF ADDRESS.

C.    Both parties shall bear their own legal costs and expenses.

D.    It is further **ORDERED** that, pursuant to Virginia Code §20-79(c), all matters pertaining to custody, visitation and support of Kathy shall be heard in the Hampton Circuit Court for the enforcement of the decrees of this Court or for the modification or revision thereof as the circumstances may require.

JONES, BLECHMAN, WOLTZ & KELLY, P.C.
Attorneys and Counselors at Law
701 TOWN CENTER DRIVE, SUITE 800, P. O. BOX 12888
NEWPORT NEWS, VA 23612-2888
(757) 873-8000   FAX: (757) 873-8103

000014

E.    There is a Motion before the Court for a Decree of Reference regarding matters of equitable distribution which is in dispute.

**THIS CAUSE** shall remain on the docket of this Court for further Order.

**ENTER:** This _19_ day of _JUNE_, 2007.

_____
JUDGE

**I ASK FOR THIS:**

_____
Bryan H. Schempf, Esquire
Jones, Blechman, Woltz & Kelly, P.C.
701 Town Center Drive, Suite 800
Newport News, Virginia 23612-1288
(757) 873-8110  Office
(757) 873-8053  Fax
E-mail:  bschempf@jbwk.com
*Counsel for Plaintiff*

I certify that the document to which this authentication is affixed is a true copy of an original record in the Hampton Circuit Court, that I have custody of the record and I am the custodian of that record.
Linda Batchelder Smith, Clerk
By _____
Dep. Clerk

**SEEN:**

_____
Jeffrey D. Tarkington, Esquire
HOFHEIMER/FERREBEE, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200  Office
(757) 425-6100  Fax
*Counsel for Defendant*

409159/67526.001

**JONES, BLECHMAN, WOLTZ & KELLY, P.C.**
Attorneys and Counselors at Law
701 TOWN CENTER DRIVE, SUITE 800, P. O. BOX 12888
NEWPORT NEWS, VA 23612-2888
(757) 873-8000  FAX: (757) 873-8103

3

EXHIBIT   5

VIRGINIA:  IN THE CIRCUIT COURT FOR THE CITY OF HAMPTON, Part IV

000024

NIKOLAI I. SINKINE,

                Plaintiff

v.                                    Case No.:  CL06-00110-00

TATYANA A. BABAKAEVA,

                Defendant

## NOTICE OF CHARGING LIEN

TO:         Nikolai I. Sinkine, Plaintiff
              28 Kincaid Lane
              Hampton VA 23666

              Tatyana A. Babakaeva, Defendant
              c/o Jeffrey D. Tarkington, Esquire
              Hofheimer & Ferrebee, P.C.
              1060 Laskin Road, Suite 12B
              Sandpiper Key
              Virginia Beach, VA  23451-6365

**YOU ARE HEREBY NOTIFIED** that pursuant to the provisions of § 54.1-3932 of the Code of Virginia, 1950, as amended, BRYAN H. SCHEMPF, claims statutory Attorney Charging Lien upon all marital property of the parties, upon all of the monies, properties, choses in action, claims and demands in suit, and upon any property which may be awarded to the Plaintiff, Nikolai Sinkine, or upon any money or other property due to Plaintiff in the hands of Defendant, and all other property in any way involved in this proceeding.  The claim of this charging lien is imposed against, but not limited to, the following funds and assets:  the balance of the proceeds from the sale of the former marital domicile, which sum in the approximate amount of $92,291.07 is being held in a trust account by Paul H. Wilson, Esquire with the firm of Wilson & Wilson, P.C., at 744-A Thimble Shoals Boulevard, Newport News, VA 23606.

JONES, BLECHMAN, WOLTZ & KELLY, P.C.
Attorneys and Counselors at Law
701 TOWN CENTER DRIVE, SUITE 800, P. O. BOX 12888
NEWPORT NEWS, VA 23612-2888
(757) 873-8000   FAX: (757) 873-8103

1



EXHIBIT

tabbies

000025

1.      That Bryan H. Schempf was engaged by the Plaintiff, Nikolai I. Sinkine, to represent him in the above-captioned case and in the hearings and appeal on a protective order stemming from this case.

2.      That the terms and conditions of which Bryan Schempf agreed to continue to represent the Plaintiff are set forth in the Letter Agreement signed by Plaintiff on January 5, 2007, a copy of which is attached hereto as Exhibit A.

3.      On March 1, 2007, an earlier Notice of Charging Lien was filed with this Honorable Court and notice thereof was duly provided to Tatyana Babakaeva, who was then *pro se.* A copy of such notice is attached as Exhibit B.

4.      That as of November 6, 2007, when Bryan Schempf and the firm of Jones, Blechman, Woltz & Kelly were allowed to withdraw, Plaintiff was indebted to Bryan H. Schempf in the amount of $31,140.88 for fees, and costs advanced/incurred pursuant to the Agreements.  Plaintiff has been given credit for all payments by him up to the date of this Notice. An Affidavit of Attorney's Fees and Costs is attached hereto as Exhibit C.

5.      Notwithstanding the amount of the indebtedness, Bryan Schempf and the firm of Jones, Blechman, Woltz & Kelly claim a statutory Charging Lien in the reduced amount of $25,000.00 for fees and costs advanced incurred pursuant to the Agreements.

WHEREFORE, by this Notice, Bryan H. Schempf, and the Law Firm of Jones, Blechman, Woltz & Kelly, P.C. hereby claim an Attorney's Charging Lien under Code of Virginia § 54.1-3932.

_____

Bryan H. Schempf

JONES, BLECHMAN, WOLTZ & KELLY, P.C.
Attorneys and Counselors at Law
701 TOWN CENTER DRIVE, SUITE 800, P. O. BOX 12888
NEWPORT NEWS, VA 23612-2888
(757) 873-8000   FAX: (757) 873-8103

2

000026

Bryan H. Schempf, Esquire
JONES, BLECHMAN , WOLTZ & KELLY, P.C.
701 Town Center Drive, Suite 800
Newport News, Virginia 23606
Office:  (757) 873-8110
Fax:  (757) 873-8053
Counsel for Plaintiff

## VERIFICATION

I am the attorney named above.  I have read the attached notice and am familiar with its contents.  At all times relevant to this notice, I was and have been licensed to practice law in the Commonwealth of Virginia.  To the best of my knowledge, the contents of the notice are true and accurate.

Bryan H. Schempf
Counsel for Plaintiff

COMMONWEALTH OF VIRGINIA

City of Newport News, to wit:

Subscribed and sworn to before me by Bryan H. Schempf, Esquire, on the _14_ day of January, 2008.

_Sue Thompson_
Notary Public

My Commission Expires: _5-31-11_

> SUE THOMPSON
> NOTARY PUBLIC
> Commonwealth of Virginia
> Reg. #213651
> My Commission Expires _5-31-11_

## CERTIFICATE

I hereby certify a true copy of the foregoing Notice of Charging Lien was mailed via certified and regular mail to Nikolai Sinkine, Plaintiff, at 28 Kincaid Lane, Hampton, VA 23666; was mailed to Tatyana A. Babakaeva, Defendant, c/o Jeffrey D. Tarkington, Esquire, Hofheimer & Ferrebee, P.C., 1060 Laskin Road, Suite 12B, Sandpiper Key, Virginia Beach, VA 23451-6365; and was mailed to Paul H. Wilson, Esquire, 744-A Thimble Shoals Blvd., Newport News, VA 23606, on this _14th_ day of January, 2008.

Bryan H. Schempf

JONES, BLECHMAN, WOLTZ & KELLY, P.C.
Attorneys and Counselors at Law
701 TOWN CENTER DRIVE, SUITE 800, P. O. BOX 12888
NEWPORT NEWS, VA 23612-2888
(757) 873-8000   FAX: (757) 873-8103

3

# EXHIBIT   6

000471

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF HAMPTON, Part IV

NIKOLAI I. SINKINE,

                                        Plaintiff

v.                                                          Case No.: CL06-00110-00

TATYANA A. BABAKAEVA,

                                        Defendant

## PETITION TO ENFORCE ATTORNEY'S CHARGING LIEN

   **COMES NOW** Petitioner, BRYAN H. SCHEMPF, former attorney for the Plaintiff, Nikolai Sinkine, in the above cause, and moves this Honorable Court to determine that said attorney has a valid Attorney's Charging Lien in the amount of $25,000.00, against all marital property of the parties, upon all of the monies, properties, choses in action, claims and demands in suit, and upon any property which may be awarded to the Plaintiff in this matter, upon any money or other property due to Plaintiff in the hands of Defendant, and all other property in any way involved in this proceeding; and that this Court order said amount to be paid forthwith to BRYAN H. SCHEMPF from such assets of the parties as the Court may deem appropriate.

   As grounds for said motion BRYAN H. SCHEMPF represents as follows:

   1.     Petitioner is an attorney at law admitted to practice in the Commonwealth of Virginia with Petitioner's place of business being located at 701 Town Center Drive, Suite 800, Newport News, Virginia 23606.

   2.     Nikolai Sinkine, the Plaintiff in the above-styled cause, formerly resided at 1 Pelican Shores Drive, Hampton, Virginia 23666, and presently resides at 28 Kincaid Lane, Hampton, VA 23666.

JONES, BLECHMAN, WOLTZ & KELLY, P.C.
Attorneys and Counselors at Law
701 Town Center Drive, Suite 800, P. O. Box 12888
Newport News, VA 23612-2888
(757) 873-8000   Fax: (757) 873-8103

1



**EXHIBIT**

6

000472

3.     On or about January 15, 2006, Nikolai Sinkine employed BRYAN H. SCHEMPF in his capacity as attorney for the purpose of commencing the above-styled marital dissolution proceeding in the Circuit Court for the City of Hampton, Virginia, against Tatyana A. Babakaeva.

4.     On that date, the Plaintiff, Nikolai Sinkine, and Petitioner entered into a verbal agreement whereby the Plaintiff pre-paid Petitioner the sum of $1,500.00 for a contested matter and to pay legal fees at rate of $200.00 per hour for attorney services and $80.00 per hour for paralegal services, together with costs and expenses in connection with Plaintiff's case.

5.     After investigation and preparation, Petitioner filed a Complaint for divorce in the Circuit Court for the City of Hampton, Virginia, on behalf of the Plaintiff.  The case is styled Nikolai I. Sinkine V. Tatyana A. Babakaeva, Case number CL06-00110-00.  Petitioner diligently prosecuted said suit on behalf of Plaintiff.

6.     On January 15, 2007, the Plaintiff signed a letter agreement setting forth his agreement to pay his legal fees and expenses relating to this case out of his share of the balance of the proceeds from the sale of the former marital residence.  A copy of this letter agreement is attached as Exhibit A.

7.     The balance of the proceeds from the sale of the former marital residence in the approximate amount of $92,291.07 is being held in a trust account by Paul H. Wilson, Esquire.

8.     In reliance on their verbal and written agreement, Bryan H. Schempf and the law firm of Jones, Blechman, Woltz & Kelly continued to zealously represent the Plaintiff.

9.     On November 6, 2007 Bryan H. Schempf and the law firm of Jones, Blechman, Woltz & Kelly were permitted to withdraw as counsel for Plaintiff by order of this Court.

000473

10.    Petitioner is entitled to compensation for legal services rendered in the sum of $31,140.88 and has demanded that Nikolai Sinkine pay the sum now owed to Bryan H. Schempf. However, Nikolai Sinkine failed to pay the sum owed.

11.    Costs and fees incurred by Petitioner in the performance of legal services in connection with the above-styled case for Plaintiff, Nikolai I. Sinkine were itemized in monthly billing statements sent to Plaintiff.

12.    On March 1, 2007, Petitioner filed a Notice of Charging Lien and an Affidavit of Attorney's Fees and Costs prior to filing this Petition, copies of which are attached hereto and incorporated by reference as Exhibit B.

13.    On January 14, 2008, Petitioner filed a second Notice of Charging Lien and Affidavit of Attorney's Fees and Costs prior to filing this Petition, copies of which are attached hereto and incorporated by reference as Exhibit C.

14.    On March 1, 2007, and on January 14, 2008, Petitioner served Notice of these claims of a charging lien on Nikolai Sinkine and on Tatyana A. Babakaeva, the Defendant.

**WHEREFORE**, Petitioner respectfully requests that:

1.    An Order determining that Petitioner has a valid and enforceable charging lien against all marital property of the Plaintiff, upon all of the monies, properties, choses in action, claims and demands in suit, and upon any property which may have been awarded to the Plaintiff, Nikolai Sinkine, in this matter, upon any money or other property due to Plaintiff in the hands of Defendant, and upon any other property involved in this proceeding, including, but not limited to, the proceeds from the sale of 1 Pelican Shores Drive, Hampton, Virginia which came into the hands of Paul H. Wilson, Esquire.

JONES, BLECHMAN, WOLTZ & KELLY, P.C.
Attorneys and Counselors at Law
701 TOWN CENTER DRIVE, SUITE 800, P. O. BOX 12888
NEWPORT NEWS, VA 23612-2888
(757) 873-8000   FAX: (757) 873-8103

3

000477

2.    An Order requiring Plaintiff to satisfy the attorney's lien and pay Bryan H. Schempf the sum of $25,000.00, and that the Court designate the specific amount against which the lien be satisfied and the time within which the lien shall be paid and satisfied.

3.    An Order that interest at the judgment rate accrue until the lien has been satisfied in full.

4.    Such other relief as the Court deems appropriate.

_____
Bryan H. Schempf

Bryan H. Schempf, Esquire
JONES, BLECHMAN , WOLTZ & KELLY, P.C.
701 Town Center Drive, Suite 800
Newport News, Virginia 23606
Office: (757) 873-8110
Fax: (757) 873-8053
Counsel for Plaintiff

## CERTIFICATE

I hereby certify a true copy of the foregoing Petition to Enforce Attorney Charging Lien was mailed via certified mail to Nikolai Sinkine, Plaintiff, at 28 Kincaid Lane, Virginia 23666 and was mailed to Tatyana A. Babakaeva, Defendant, c/o her attorney, Jeffrey D. Tarkington, Esquire, at 1060 Laskin Road, Suite 12B, Sandpiper Key, Virginia Beach, VA 23451-6365, and was mailed to Paul H. Wilson, Esquire, 744-A Thimble Shoals Blvd., Newport News, VA 23606 on this _i5th_ day of January, 2008.

_____
Bryan H. Schempf

424184/67526.001

JONES, BLECHMAN, WOLTZ & KELLY, P.C.
Attorneys and Counselors at Law
701 TOWN CENTER DRIVE, SUITE 800, P. O. BOX 12888
NEWPORT NEWS, VA 23612-2888
(757) 873-8000  FAX: (757) 873-8103

**EXHIBIT   7**

000042

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF HAMPTON, Part IV

NIKOLAI I. SINKINE,

        Plaintiff,

v.

                                Case No.: CL06-00110-00

TATYANA A. BABAKAEVA,

        Defendant.

## ORDER

On February 28, 2008, the parties appeared on the Petition filed by Bryan H. Schempf, Esquire, former attorney for the Plaintiff, Nikolai I. Sinkine, in the above case, on his Petition to determine that he has a valid Attorney's Charging Lien in the amount of $25,000. The parties were also present before the Court, Nikolai Sinkine appearing *pro se*, and the Defendant appearing by counsel.

UPON CONSIDERATION of the pleadings, and of the papers filed, evidence presented, and arguments tendered in connection with the Petition, and it appearing to the Court that Petitioner was retained by Plaintiff and that Petitioner diligently represented Plaintiff in connection with the divorce and related matters, and it further appearing that the fees and expenses incurred by Petitioner were reasonable and necessary, it is hereby

ADJUDGED, ORDERED and DECREED that Petitioner has a valid and enforceable Charging Lien in the amount of $_____ against all marital property of the Plaintiff and specifically upon funds presently being held in trust by Paul H. Wilson, Esquire, and that such lien be satisfied at such time as the Court resolves the pending equitable distribution issue between the parties from that portion of the funds that are ordered to be paid to the Plaintiff. It is further

JONES, BLECHMAN, WOLTZ & KELLY, P.C.
Attorneys and Counselors at Law
701 TOWN CENTER DRIVE, SUITE 800, P. O. BOX 12888
NEWPORT NEWS, VA 23612-2888
(757) 873-8000  FAX: (757) 873-8103

EXHIBIT

7

000043

ADJUDGED, ORDERED and DECREED that interest at the judgment rate accrue from entry of this Order until the lien has been paid and satisfied in full.

ENTERED this _____ day of _____, 2008.

I ASK FOR THIS:

Judge _____

Bryan H. Schempf
JONES, BLECHMAN, WOLTZ & KELLY, P.C.
701 Town Center Drive, Suite 800
Newport News VA 23612-2888
Telephone:     (757) 873-8110
Facsimile:     (757) 873-8053

SEEN AND AGREED/OBJECTED TO:

Jeffrey D. Tarkington
1060 Laskin Road, Suite 12B
Sandpiper Key
Virginia Beach, Virginia 23451
Telephone:     (757) 425-5200
Facsimile:     (757) 425-6100
Counsel for Defendant

SEEN AND AGREED/OBJECTED TO:

Nikolai I. Sinkine, Plaintiff, *Pro Se*

SEEN AND AGREED/OBJECTED TO:

Paul H. Wilson, Esquire
Wilson & Wilson, P.C.
744-A Thimble Shoals Blvd.
Newport News, VA  23606
Telephone:     (757) 873-6620
Facsimile:     (757) 873-1938
Former counsel for Defendant

427339/67526.001

JONES, BLECHMAN, WOLTZ & KELLY, P.C.
Attorneys and Counselors at Law
701 TOWN CENTER DRIVE, SUITE 800, P. O. BOX 12888
NEWPORT NEWS, VA 23612-2888
(757) 873-8000   FAX (757) 873-8103

# EXHIBIT  8

000036



## GOFF & MIDKIFF, PLLC
### ATTORNEYS AND COUNSELORS AT LAW

JAMES M. GOFF II
TEDDY J. MIDKIFF

10310 MEMORY LANE, SUITE 2-C
POST OFFICE BOX 313
CHESTERFIELD, VIRGINIA 23832
TELEPHONE (804) 706-9400
FAX (804) 706-9402
WWW.GOFFANDMIDKIFF.COM

February 27, 2008

<u>VIA FACSIMILE TO (757) 873-8053 & MAIL</u>

Bryan H. Schempf, Esq.
Jones, Blechman, Woltz & Kelly, P.C.
701 Town Center Drive, Suite 800
Newport News, VA 23606

Re:   Nikolai I. Sinkine v. Tatyana Babakaeva
      Case No.: CL06000110-00

Dear Mr. Schempf:

This letter is to advise you that I have been retained by Tatyana Babakaeva in regards to a petition for charging lien you filed in the Circuit Court for the City of Hampton. I am requesting that you withdraw your petition for a charging lien in the above styled matter for the reasons set forth in my Special Appearance Objecting to Jurisdiction. If you feel that a hearing is necessary, kindly provide my office with the legal authority which supports your position that (a) the Court has retained jurisdiction; and (b) a charging lien is appropriate when the Court has not ruled as to equitable distribution.

Should you have any questions or concerns, please do not hesitate to contact my office.

Sincerely,

Teddy J. Midkiff, Esq.

TJM:tnh
cc:   Tatyana Babakaeva
      Bryan H. Schempf, Esquire

EXHIBIT
8

# EXHIBIT  9

000033

VIRGINIA:

IN THE CIRCUIT COURT OF THE CITY OF HAMPTON

NIKOLAI I. SINKINE,                    )
                                       )
                    Plaintiff,         )
                                       )
v.                                     )     Case No.: CL06000110-00
                                       )
TATYANA A. BABAKAEVA,                  )
                                       )
                    Defendant.         )

## SPECIAL APPEARANCE OBJECTING TO JURISDICTION BY TATYANA BABAKAEVA

COMES NOW Tatyana Babakaeva, by counsel, by special appearance objecting to jurisdiction herein and in support thereof states as follows:

1.      On or about June 19, 2007 this Court entered a Final Decree granting a divorce from the bond of matrimony.

2.      In the Final Decree the Court did not expressly reserve jurisdiction and did not make the requisite finding of clear necessity for granting the divorce while retaining jurisdiction to decide equitable distribution issues as required by Virginia Code §20-107.3A.   See: *Christensen v. Christensen*, 26 Va. App. 651, 655, 496 S.E.2d 132, 134 (1998); *Toomey v. Toomey*, 251 Va. 168, 465 S.E.2d 838 (1996).

3.      In an unpublished opinion, the Court of Appeals of Virginia has previously reversed this Court when it attempted to exercise jurisdiction after entry of a decree granting a divorce without making the requisite finding of clear necessity for granting the divorce while retaining jurisdiction to decide equitable distribution issues as required by Virginia Code §20-107.3A. See: *Nourdeen v. Nourdeen*, Va. Ct. of Appeals, Record No.: 2236-02-1 (2003).



EXHIBIT

9

1

000034

4.      Even if the Court did have jurisdiction the charging lien filed herein is not permitted by statute. Virginia Code §54.1-3932 states: "In causes of action for annulment or divorce an attorney may not exercise his claim until the divorce judgment is final and all residual disputes regarding marital property are concluded." (emphases added).

5.      The Court did not make any rulings as to equitable distribution herein and thus those matters have not been resolved and remain in dispute.  Thus, it is premature to move for a charging order herein.

6.      A copy of this Special Appearance along with a letter requesting that counsel withdraw his motion was faxed to counsel on February 27, 2008.

7.      To the extent that the parties have to appear to argue this motion Tatyana Babakaeva requests that this Court enter an award of sanctions pursuant to Virginia Code §8.01-271.1 for the following reasons:

a.      The Court lacks jurisdiction to hear this matter as a result of the entry of the Final Decree.

b.      Pursuant to Virginia Code §54.1-3932 the charging lien may not be filed until the issues of equitable distribution have been resolved which has not been done herein.

8.      Thus counsel did not make reasonable inquiry that the motion was well grounded in fact and law and counsel has not made any arguments for the modification of existing law.

WHEREFORE, Tatyana Babakaeva prays that this Court dismiss the motion for a charging lien on the grounds that the Court no longer has jurisdiction over this cause or, alternatively, in the event the Court deems it has jurisdiction, dismiss the motion for a charging lien on the grounds that it is premature and any and all other relief this Court deems reasonable and just.

000035

Respectfully submitted,
Tatyana Babakaeva

By: _____

Of Counsel


Teddy J. Midkiff, VSB #45659
Goff & Midkiff, PLLC
10310 Memory Lane, Suite 2-C
Post Office Box 313
Chesterfield, Virginia 23832
Telephone      (804) 706-9400
Facsimile       (804) 706-9402
*Counsel for Tatyana Babakaeva*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served by mail and facsimile upon Bryan H. Schempf, Esquire, Jones, Blechman, Woltz & Kelly, P.C., 701 Town Center Drive, Suite 800, Newport News, VA 23606, (757) 873-8053 on this 27th day of February, 2008.

LINDA BATCHELOR SMITH
CLERK OF CIRCUIT COURT
2008 FEB 27  PM 1:47
BOOK #_____
PAGE #_____
CITY OF HAMPTON, VA.

**EXHIBIT   10**

000044

RAYMOND H. SUTTLE
B.M. MILLNER
RALPH M. GOLDSTEIN
JOHN T. TOMPKINS, III
CONWAY H. SHEILD, III
DAVID W. OTEY
HERBERT V. KELLY, JR.
RICHARD B. DONALDSON, JR.
DAVID W. OTEY, JR.
MICHAEL B. WARE
ROBYN HYLTON HANSEN
LEONARD C. HEATH, JR.
RAYMOND H. SUTTLE, JR.
BRYAN H. SCHEMPF
HELENA S. MOCK
J. VANCE STALLINGS
SUSAN E. LUSCOMB
MATTHEW D. MEADOWS

# Jones, Blechman, Woltz & Kelly, P.C.
## Attorneys and Counselors at Law

701 TOWN CENTER DRIVE, SUITE 800
POST OFFICE BOX 12888
NEWPORT NEWS, VIRGINIA 23612-2888
(757) 873-8000
FACSIMILE: (757) 873-8103

485 McLAWS CIRCLE
WILLIAMSBURG, VIRGINIA  23185
(757) 259-5700
FACSIMILE: (757) 259-5717

ALLAN D. JONES, 1875-1954
DANIEL SCHLOSSER, 1915-1977
F.O. BLECHMAN, 1905-1984
ARTHUR W. WOLTZ, 1905-1995
THOMAS N. DOWNING, 1919-2001
SVEIN J. LASSEN, 1947-2006
HERBERT V. KELLY, 1920-2007

SHAWN W. OVERBEY
LAUREN C. BADDAR
REBECCA L. SHWAYDER AMAN
JENNIFER L. MUSE
JOSEPH P. VERSDR

REPLY TO: Newport News
Direct Dial No. 873-8110
Internet E-Mail Address: bschempf@jbwk.com

February 27, 2008

The Honorable Wilford Taylor, Jr.
Judge of Hampton Circuit Court, Part IV
101 Kings Way
Hampton, VA 23669-0040

RE:   Nikolai I. Sinkine v. Tatyana A. Babakaeva, Attorney's Lien
      Case No.: CL06-00110-00, Part IV
      Hearing: February 28, 2008 at 8:30 a.m.

Dear Judge Taylor:

    As per my staff's call to your office, I would ask that the hearing scheduled for tomorrow morning in regard to the above-styled please be removed from the docket and continued generally until further notice from my office.

    Thank you for your kind assistance in this matter.

Very truly yours,

JONES, BLECHMAN, WOLTZ & KELLY, P.C.

Bryan H. Schempf

BHS/pkd
Enclosure
cc:   Teddy J. Midkiff, Esq. (Via Facsimile – 804-706-9402)
      Jeffrey D. Tarkington, Esq. (Via Facsimile – 425-5200)
      Mike Walsh, Esq. (Via Facsimile – 595-0123)
      Paul Wilson, Esq. (Via Facsimile – 727-7957)
      Nikolai Sinkine

**EXHIBIT**
10

000045

Respectfully submitted,
Tatyana Babakaeva

By: _____
    Of Counsel

Teddy J. Midkiff, VSB #45659
Goff & Midkiff, PLLC
10310 Memory Lane, Suite 2-C
Post Office Box 313
Chesterfield, Virginia 23832
Telephone    (804) 706-9400
Facsimile    (804) 706-9402
*Counsel for Tatyana Babakaeva*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served by mail and facsimile upon Bryan H. Schempf, Esquire, Jones, Blechman, Woltz & Kelly, P.C., 701 Town Center Drive, Suite 800, Newport News, VA 23606, (757) 873-8053 on this 27th day of February 2008.

3

# EXHIBIT  11

000075

Tatyana Babakeva
2124 Criston Dr.
Newport News, VA 23602

March 28, 2008

Paul Wilson, Esq.
c/o Robert Quadros, Esq.
Quadros & Assoc. PC
2715 Huntington Ave.
Newport News, VA 23607

RE: Hampton General District Court, Case No: GV08002124-00
    Wilson&Wilson v. Tatyana Babakaeva

Dear Mr.Robert Quadros:

        Your client is a former counsel for Tatyana Babakaeva in a divorce suit in the Circuit Court for the city of Hampton *Nikolai I. Sinkine v. Tatyana Babakaeva*, Case No. CL06-000110-00.
        On or about April 30, 2007 the remainder of proceeds of the sale of the marital domicile of the parties to the divorce suit was placed, at the owners request, in the escrow account of Mr.Paul Wilson, Esq., pending resolution on equitable distribution of the marital assets.
        By the terms of the final Decree of Divorce entered on June 19, 2007 the Court ordered the parties to keep the proceeds of the sale of marital domicile in said escrow account until its further orders. The Court did not render a ruling as to the matter of equitable distribution and did not retain jurisdiction over any issues which were in dispute.
        The personal jurisdiction of the divorce Court over the parties to the divorce case ceased on July 10, 2007. The subject matter jurisdiction of the divorce Court over former marital assets and Court's control over any disputed property and money ceased the same day.
        The parties have not reached a settlement agreement which would dispose the dispute over division of said funds.
        Tatyana Babakaeva and Nikolai I. Sinkine jointly own the funds in the escrow account, including any accrued interest, and have unrestricted joint legal title to that property.
        Pursuant to Virginia Supreme Court Rule 6:2-1.15(c)(4) Tatyana Babakaeva and Nikolai I. Sinkine, the legal owners of said funds, hereby REQUEST that the whole amount of $92,291.07 with the accrued interest be paid per instructions below:

Please write a check payable to the order of:     **American Funds Service Company**
Account number:                                   69467774 (escrow)

The fund owners will come by your office at the address noted below to pick up the check:

        Quadros & Assoc. PC
        2715 Huntington Ave.
        Newport News, VA

        Additionally, pursuant to Virginia Supreme Court Rule 6:2-1.15(c)(3) the owners of said funds REQUEST that complete records regarding the relevant escrow account be furnished to them.

        Respectfully,

*Tatyana Babakaeva*                    *Nikolai Sinkine*
Tatyana Babakaeva                        Nikolai I. Sinkine

EXHIBIT
11

**EXHIBIT 12**

*VIRGINIA:* IN THE CIRCUIT COURT FOR THE CITY OF NEWPORT NEWS   000042

| | | |
|---|---|---|
| Jones, Blechman, Woltz & Kelly, P.C., | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Case No. CL0801064-04 |
| | : | |
| Nikolai I. Sinkine, | : | |
| Defendant | : | |

<u>ORDER</u>

On this day came Plaintiff, Jones, Blechman, Woltz & Kelly, P.C., by counsel, to present evidence to the Court regarding the significant threat that the Defendant may attempt to obtain certain funds held in escrow and secret the funds so that a judgment in favor of Plaintiff on an underlying matter would go unsatisfied.

Upon careful consideration of the matter and documents presented, including evidence that Plaintiff has secured a Bond and said Bond is properly filed with the Court, it is hereby

*ORDERED, ADJUDGED* and *DECREED* that a lien is placed on any funds held by the Law Offices of Wilson & Wilson, P.C. for the use and benefit of Nikolai I. Sinkine and that such funds not be disbursed to anyone without further order of this Court, and it is further

*ORDERED, ADJUDGED* and *DECREED* that within thirty days of the entry of this Order, Plaintiff shall set a hearing so that this Court may consider additional evidence and make additional rulings as required.

Entered this 16 day of July, 2008.

H. Vincent Conway, Jr., Judge

I ask for this:

Raymond B. Bacon, VSB #35376
Quadros & Associates, P.C.
2715 Huntington Avenue
Newport News, VA 23607
(757) 223-2013
Counsel for Plaintiff
#177594.001

EXHIBIT
12

# EXHIBIT 13

030086

# ABSTRACT OF JUDGMENT

Case No. 1007VC_____-___

### NEWPORT NEWS CIRCUIT COURT
CITY OR COUNTY                                                                                          Circuit Court

JONES, BLECHMAN, WOLTZ & KELLY, PC.                          v    NIKOLAI I. SINKINE
FULL NAME OF PLAINTIFF(S)                                              FULL NAME OF DEFENDANT

                                                                                         28 KINCAID LANE
                                                                                         HAMPTON, VA 23666
                                                                                         DEFENDANT'S ADDRESS

                                                                                         XXX-XX-_____
                                                                                         DEFENDANT'S DATE OF BIRTH/SSN (LAST 4 DIGITS ONLY)

This is to certify that a Judgment was rendered in
     [✗] this Court                                                   FULL NAME OF DEFENDANT
     [  ]

in favor of:
     [✗] PLAINTIFF(S) against DEFENDANT(S)               DEFENDANT'S ADDRESS
     [  ] DEFENDANT(S) against PLAINTIFF(S)
     [  ]                      v                                         XXX-XX-_____
                                                                                         DEFENDANT'S DATE OF BIRTH/SSN (LAST 4 DIGITS ONLY)

containing the following terms:

| DATE OF JUDGMENT |
| --- |
| JULY 14, 2010 |

$ $31,140.88                                   AMOUNT OF JUDGMENT

HOMESTEAD EXEMPTION WAIVED     [  ] YES   [  ] NO     [  ] CANNOT BE DEMANDED

$ _____      ALTERNATE VALUE OF SPECIFIC PROPERTY AWARDED

INTEREST RATE(S) AND BEGINNING DATE(S)
6% PER ANNUM FROM DECEMBER 13, 2007, UNTIL PAID.

| COSTS | ATTORNEY'S FEES | ATTORNEY |
| --- | --- | --- |
| $ $239.00 | $ | ROBERT P. QUADROS, VSB #14402 |

OTHER:

I certify the above to be a true abstract of a Judgment docketed in the Clerk's office of this Court in Judgment Lien Docket
Book/Reel NA _____ , page/frame NA _____ , or Instrument/Image 10-4138 _____

on JULY 14, 2010 AT 3:50 PM

      JULY 21, 2010                                        REX DAVIS                                         Clerk
           DATE
                                                      by _____
                                                                   DEPUTY CLERK

FORM CC-1464 (MASTER) 7/07
VA. CODE §§ 8.01-449, 8.01-461

**EXHIBIT**

13