# Exhibit 4

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NEWPORT NEWS

| | |
|---|---|
| WILSON & WILSON, PC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: CL0900448V-04 |
| ) | |
| TATYANA A. BABAKAEVA, ) | |
| ) | |
| Defendant ) | |
| ) | |

### RESPONSE IN OPPOSITION TO MOTION
### TO QUASH WITNESS SUBPOENAS AND FOR SUNCTIONS AGAINST DEFENDANT

Comes now Defendant Tatyana A. Babakaeva, *pro se*, ("Babakaeva") and pursuant to Virginia Supreme Court Rule 4:15(c) hereby respectfully submits this response brief in Opposition to Motion to Quash Subpoenas and for Sanctions Against Defendant (hereafter, "Motion to Quash"), in which Babakaeva states as follows:

1. The Court did not limit discovery in the above-captioned action with any discovery deadline.

2. On or about April 12, 2010 Plaintif, Wilson & Wilson PC ("Wilson"), by counsel, sent to Babakaeva by mail its Motion to Quash.

3. In the Motion to Quash, Wilson expressly admits that Cecilia Nguyen, the state official holding the office of Notary Public under Va. Code § 47.1-1 *et seq.*, notarized the Affidavit which was prerequisite evidence to initiate this action.

4. The affidavit purported to affirm the validity and amount of the alleged debt.

5. Affidavit is materially and substantially defective in that it does not contain an identity of the purported affiant, in violation of Va Code § 47.1-14.

6. Plaintiff failed to produce discovery on the identity of the purported affiant.

1

7. The purportedly sworn statements of facts proffered by the Affidavit are not correct statements of facts.

8. To establish identity of the purported affiant with the purpose to facilitate investigation which is reasonably calculated to lead to discovery of admissible evidence related to the falsification of the records pertaining to the alleged debt, Babakaeva located, through the office of the Commissioner of the Commonwealth, the contact information for the Notary Public Cecilia Nguyen, Registration No. 7056879

9. Babakaeva contacted the state official, Notary Public Cecilia Nguyen, by phone at the place of her office registered with the Commissioner of the Commonwealth.

10. Babakaeva inquired the Notary Public Cecilia Nguyen about the missing identity of the purported affiant in the document which she notarized in discharging her notarial duties as of the state official.

11. The Notary Public Cecilia Nguyen could not respond as to the identity of the purported affiant and requested that Babakaeva deliver her by facsimile a copy of the affidavit. The Notary Public Cecilia Nguyen promised to make necessary research and return the call.

12. Notwithstanding the promise to return call, The Notary Public Cecilia Nguyen did not communicate with Babakaeva.

13. Imposing interference in the communication of Babakaeva with the state official, the Notary Public Cecilia Nguyen, in regard to the performance of the state official function of the Notary Public, Robert P. Quadros used his control over the official state-registered place of business and the phone of the state official, the Notary Public Cecilia Nguyen, to terminate such communication (Exhibit 1).

14. As a person and a state official created the document submitted into evidence in this action, the Notary Public Cecilia Nguyen is a material witness (Exhibit 2).

2

15. Pursuant to Virginia Supreme Court Rules 4:5 and Va. Code § 8.01-407 Babakaeva lawfully obtained the Court-issued witness subpoenas and properly served on the third-party witness individual, the Notary Public Cecilia Nguyen, at the place of her state-registered office as a Notary Public for the Commonwealth of Virginia.

16. Motion to Quash states the sole factual ground for quashing subpoena "written admonishments by counsel for the Plaintiff, Robert P. Quadros".

17. As the sole legal ground of the request to quash, the Motion to Quash cites "the laws of the Commonwealth".

18. The contents and nature of the alleged "admonishments" is not disclosed by the Motion to Quash.

19. The citation of the "laws of the Commonwealth" is not sufficiently specific to ascertain the Plaintiff's legal position and argument and thus does not allow Babakaeva to prepare reasonable defense.

20. The words "pleading terrorism" do not have a common legal meaning, are not defined by Plaintiff and, additionally, emotionally loaded.

21. The request for sanctions is not purported to be based on any law, rule or precedence, and therefore its compliance with Va. Code § 8.01-271.1 cannot be established.

22. To the extent that the Motion to Quash may be construed to suggest that Plaintiff attempts to raise argument for quashing subpoena based on Plaintiff "admonishments", such argument is inconsistent with the Virginia Supreme Court Rules 4:5 and Va. Code § 8.01-407.

23. To the extent that Plaintiff argues that defendant's right to request and serve a witness subpoena on a material witness may be limited by issuing "admonishments" by opposing counsel on the ground of his personal interests, such argument is inconsistent with the basic requirements of the due process.

3

24. A party wishing to limit discovery, such as to quash subpoena, has an obligation to petition the Court for protective Order pursuant to § 8.01-407 rather than use "admonishments".

25. To the extent that the request for sanction is based on alleged Babakaeva's non-compliance with the purported "admonishments" issued by counsel for the opposing party, such argument purports that "admonishments" have the force and impose the same duties as the Court-issued protective Order. Under such theory, Plaintiff purports to usurp power of the Court.

26. A Party who is law firm represented by counsel should not be relived from the requirements to comply with the Court Rules and procedures, as no such leeway is promulgated by any rules or common law.

27. As a requisite of due process, defendant in civil case in which his property interest is at stake is allowed to question a person having knowledge of material facts and documents which may prove lack of liability, which right is encoded in the Virginia Supreme Court Rules 4:5 and 4:9 and Va. Code § 8.01-407.

24. Robert P. Quadros terminated the communication between Babakaeva and the state official, the Notary Public Cecilia Nguyen, with the threats of criminal prosecution.

25. There is a documented pattern of conduct of Robert P. Quadros to threaten criminal prosecution with the sole purpose of gaining advantage in a civil matter (Exhibit 3).

WHEREFORE, Babakaeva respectfully requests that this Honorable;e Court dismiss Plaintiff Motion to Quash Subpoenas and For Sanctions Against Defendant.

DATED this 15th day of April 2010.

*Tatyana Babakaeva*
Tatyana A. Babakaeva, *pro sé*
2124 Criston Dr.
Newport News, VA 23602