# Exhibit 10

VIRGINIA:  IN THE CIRCUIT COURT FOR THE CITY OF NEWPORT NEWS

WILSON & WILSON, P.C.,

    Plaintiff,

v.                                Case No. CL09-00448V-04-TF

TATYANA BABAKAEVA,

    Defendant.

## AMENDED JUDGMENT ORDER

This cause came on to heard on July 19, 2010 upon motion of the defendant, Tatyana Babakaeva, *pro se*, for reconsideration of the Judgement Order entered in the above styled case on June 29, 2010.

For the reasons cited herein, the defendant's Motion for Reconsideration is granted and the Judgment Order of June 29, 2010 is vacated substituting therefor this Amended Judgement Order.

The trial of this case occurred on April 29, 2010 and judgment was entered against the defendant, Tatyana Babakaeva, in the amounts correctly stated in the order of June 29, 2010 as will be recited herein along with a judgment for sanctions pursuant to Virginia Code §8.01-271.1 pursuant to the motion of the plaintiff, through its counsel, that defendant, Tatyana Babakaeva, for the purpose to harass and cause unnecessary delay, did attempt to set a deposition to be heard in the courthouse hereof and that the person to be deposed by the defendant was a clerical employee of plaintiff's counsel, Quadros and Associates, P.C.. Such an attempt was made merely to harass and for the improper purpose of delaying the trial in this matter as discussed further in the record but specifically because the deposition was to identify the notary on a "open account" affidavit which was completely irrelevant in this trial. Defendant, *pro se*, and any attorney conducting the same activity would have known simply by consulting the Code that such "open account" affidavit was no longer effective upon the denial of the

defendant that the debt was owed which had already been done in the General District Court and in the Circuit Court for trial. Thus, sanctions pursuant to Virginia Code §8.01-271.1 were imposed upon defendant, Tatyana Babakaeva, in the amount of $500.00.

Plaintiff's counsel originally forwarded a judgment order to the court on May 10, 2010, which was endorsed "have seen and objected" by Tatyana Babakaeva, defendant, *pro se*, which she alleges to be on May 17th and it may very well have been. The copy in the court's file with her endorsement does not contain the original endorsement of plaintiff's counsel. Regardless, on that same date on May 17, 2010, with the court being unaware of Ms. Babakaeva's endorsement; although such was not pertinent at that time, forwarded a letter to plaintiff's counsel, with a copy to Ms. Tatyana Babakaeva with a copy of an unpublished order of the Virginia Supreme Court issued May 14, 2010 to modify the "sanctions" order which was entered against Ms. Babakaeva. The order was *Ferris v. Kiritsis*, Record No. 091245 in the Supreme Court of Virginia on May 14, 2010.

Accordingly, plaintiff's counsel by letter dated June 17, 2010, filed a "Motion to Enter Judgment Order" with a proposed sketch of a new judgment order setting the matter for hearing June 29, 2010 at 10:00 a.m. The revised order did contain the original endorsement of plaintiff's counsel, however, did not and still does not contain the original endorsement of the defendant, *pro se*. The defendant, Babakaeva, did contact the court to inquire whether she needed to be present on June 29th as she had in fact endorsed the "revised" judgment order which she had; however, she endorsed her <u>copy</u> which she had received in the mail.

She was advised she did not have to appear.

On June 29, 2010, the court endorsed the <u>original</u> order without remembering that Ms. Babakaeva had forwarded her <u>copy</u> with the word "objected" on the revised order.

Had the court remembered her endorsement of her copy such would have been attached to the original judgment order of June 29, 2010.

Regardless, her Motion for Reconsideration is granted pursuant to Virginia Code §8.01-428B because the revised judgement order refers to the sanctions

imposed upon defendant, Babakaeva, as "contempt." The sanctions were imposed pursuant to Virginia Code §8.01-271.1 for her harassment and unnecessary delay in attempting to set a deposition for which there was simply no basis whatsoever which could have been discovered by a simple review of one or two Code sections regarding the use of an affidavit in court concerning an alleged debt.

She was advised of the basis for the sanctions in open court on the record and that was not intended to be a citation for a contempt under any Code section, Virginia Code §18.2-456 or any other.

Accordingly, judgement is entered on behalf of the plaintiff, Wilson & Wilson, P.C. in the principal sum of $2,583.50 with interest thereon at the rate of 6% per annum from December 7, 2007 until paid in full. Further, the attorney's fees pursuant to the contract in the amount of $645.88 are hereby awarded, plus the costs of this action, and the court confirms its award of sanctions against the defendant, Tatyana Babakaeva, pursuant to Virginia Code §8.01-271.1 in the amount of $500.00 as further described in this order and in the record.

~~The clerk is hereby ordered to distribute to Quadros and Associates, P.C.,~~ attorneys for Wilson & Wilson, P.C., the principal plus interests and court costs covered by the bond herein before paid by the defendant and distribute the sanction of $500.00 attorney's fees to Quadros & Associates, P.C., attorneys for Wilson & Wilson, P.C. and that the balance should be returned to the defendant within 30 days from the entry of this order unless an appeal is properly noted and perfected by the defendant, Tatyana Babakaeva.

Entered this 19th day of July, 2010.

_____
Timothy S. Fisher, Judge

Have seen and _agreed_
_____
Robert P. Quadros, Esquire

Have seen and _objected: all exceptions reserved and supplemented by the attached list of object._
_Tatyana Babakaeva_
Tatyana Babakaeva, *pro se*