# Exhibit 11

## II. DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

1. Babakaeva retained Wilson pursuant to a written retainer agreement on or about March 15, 2007. Amended Complaint, ("Am. Compl.") ¶ 15; Exhibit 1, Wilson/Babakaeva representation agreement dated March 15, 2007.

2. Wilson performed significant work throughout the relationship. Babakaeva is a foreign national and her language challenges meant that Wilson spent considerable time answering questions and explaining the legal system to Babakaeva.

3. The marital house was sold prior to the final hearing scheduled to address the primary issues in the divorce. See Am. Compl., ¶¶17-19.

4. Prior to the final hearing, Babakaeva's former spouse, Nikolai Sinkine, requested a partial release of the proceeds of the sale to finance his simultaneous purchase of another house. At the time, Sinkine's maximum share was estimated to be approximately $28,000, and Babakaeva agreed to the partial release of the proceeds from the sale of the marital residence in that amount. Am. Compl. ¶17.

5. Wilson drafted an agreement which was endorsed by both parties to the divorce action authorizing payments of $28,000 each to Babakaeva and Sinkine. The agreement provided that the remainder of the proceeds in the amount of $92,291.07 would be held by Wilson pending the outcome of the divorce action. Wilson Declaration at ¶3, Schempf Declaration at ¶3. Accordingly, the amount of $92,291.07 ("Escrow Funds") was transferred to Wilson's trust account. Id. This sum correctly and accurately accounted for and constituted the entirety of the remaining proceeds from the sale of the marital residence. Id.

6. A hearing was held to resolve all primary issues of the divorce on May 24, 2007. Am. Compl. ¶22; see Hearing Transcript of May 24, 2007, submitted herewith.

3