# Exhibit 17

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Newport News Division

| | |
|---|---|
| TATYANA A. BABAKAEVA, )<br><br>Plaintiff, )<br><br>v. )<br><br>PAUL H. WILSON and )<br>WILSON & WILSON, P.C., )<br><br>Defendants. ) | Civil Action No.: <u>4:09cv58</u> |

## WILSON & WILSON, PC'S ANSWERS TO SECOND SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY TATYANA A. BABAKAEVA

NOW COMES the Defendant, Wilson & Wilson, PC ("Wilson & Wilson" or "Defendant"), by counsel, subject to and without waiving the general and specific objections previously filed, for its Answers to the Second Set of Interrogatories and Request for Production of Documents Propounded by the Plaintiff, Tatyana A. Babakaeva, states as follows:

### General Objections

Wilson & Wilson objects to the "Definitions and Instructions" included in the Interrogatories and Requests on the grounds and to the extent they impose requirements greater than or different from the Federal Rules of Civil Procedure. Wilson & Wilson also objects to any Interrogatory or Request to the extent it seeks information protected from disclosure by the attorney/client privilege or the work product doctrine, including

1

specifically counsel's notes, records of phone conferences, correspondence to client representatives and trial strategy.

## **INTERROGATORIES**

12.     State whether, during the period of April 30, 2007 to current, the balances in Suntrust bank account #204048354 were used to secure, and/or were shown in any application for, any loans from any entity to any other entity.  If so, describe with specificity any such loan and/or application for a loan, including identity of the involved entities, dates of execution and/or preparation of the documents in connection with such loan applications, and identified all persons having knowledge of the circumstances related to execution of and application for such loans.

**ANSWER: Trust funds cannot be and were not used to secure any loans.**

13.     Explain in details the factual grounds of statement you made in Paragraph 54 of your Answer to First Amended Complaint that "Defendants became aware that a decision had been made by the Newport News Circuit Court judge", specify the date, manner and circumstances of your first becoming aware of said decision, and identify all individuals having knowledge of these facts.

**ANSWER: I received a phone call from Attorney Quadros. I have no idea when he called, but it was close in time to the Newport News litigation between Sinkine and Schempf. I was told that the Newport News Circuit Court judge, Judge Conway, had ordered from the bench that I should turn the funds over to the Newport News Circuit Court. I expressed my dismay at the judge's authority to so order as I was not a party to the suit. I told Mr. Quadros that to do so might jeopardize your**

v

2

(Plaintiff Babakaeva) interest in the money and that only an Order of the Hampton Circuit Court could require me to dispose of the funds. I was told that the Judge would rescind the order.

14.    Provide the reasons for your and/or your agent's or counsel's transmission to Schempf of the March 28, 2008 Babakaeva-Sinkine's letter addressed to you in care of Mr. Quadros.

ANSWER: If there was in fact an agreement between you and your husband an Order would need to be drafted dividing the sums. The letter did not designate how the funds were to be divided, it was not notarized and I needed to confirm with counsel that whether an agreement had been reached.

15.    If you contend that you noticed Plaintiff about third-party claims asserted to the Funds, please provide the dates, manner and circumstances of all communications constituting or related to such notices.

ANSWER: I have no particular memory of our discussions in this regard other than to tell you that most of your husband's share of the funds would probably go to his attorney. I do remember specifically reminding you that your share of the funds would not be affected.

16.    Describe all and any claims of any nature asserted to the Funds by any person or entity and identify any such claim by date, amount, nature and identity of a party making such claim; identify all documents constituting and/or related to such claim,

3

and identify the documents in which you maintain the record of such claims; identifying all witnesses having knowledge of such facts and circumstances.

**ANSWER: I am unaware of any third party that has a claim to the money. Mr. Schempf at one time hoped to attach Sinkine's portion of the funds for payment of any attorney fees which may be determined to be owed by Sinkine to Schempf's firm. My file does contain an attorney charging lien from Schempf, but to the best of my knowledge it was never perfected.**

17.    Please fully state if you ever asserted any security, tangible, intangible, possessory and/or any other type of interest in the Funds.  If so, specify the date and manner in which you made such claim and identify the party to whom you made your claim known, provide factual and legal grounds for such claim and identify all persons having knowledge of these facts.

**ANSWER: I have a possessory interest in the funds only as unwilling holder of same pursuant to court order.  I have since turned the funds back over to the Hampton Circuit Court pursuant to an Interpleader action filed in that Court.**

18.    In relation to your Answer to First Request for Admission #1, fully identify reliable accounting statements and/or any other documents which accurately reflect deductions from the account and identify any witnesses with knowledge of such statements and/or documents.

**ANSWER: No deductions were ever actually made from the account. When a report was generated using our trust accounting software, Timeslips, the computer**

4

I certify and affirm that the foregoing answers are true and correct to the best of my knowledge and belief.

WILSON & WILSON, PC

By: _____
Paul H. Wilson

Commonwealth of Virginia
City of Newport News, to-wit:

The foregoing Answers to Interrogatories were sworn to and subscribed before me by Paul H. Wilson, Managing Partner of Wilson & Wilson, PC on this 20th day of November, 2009.

My commission expires: _____

_____
Notary Public

COLLEEN M. BATEMAN
Notary Public
Commonwealth of Virginia
Reg. # 287121
My Commission Expires April 30, 2012

_____
James H. Shoemaker, Jr. (VSB #33148)
Douglas E. Miller (VSB #38591)
Veronica E. Meade Sheppard (VSB #66727)
Patten, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, VA 23602
Tele: (757) 223-4536
Fax: (757) 223-4518
dmiller@pwhd.com
jshoemaker@pwhd.com
vsheppard@pwhd.com
*Counsel for Defendants*

9