# Exhibit 28

VIRGINIA:  IN THE CIRCUIT COURT FOR THE CITY OF NEWPORT NEWS

JONES, BLECHMAN, WOLTZ & KELLY. P.C., )
    Plaintiff,        )
              )
v.             )  Case No.: CL0901007V-04
              )
NIKOLAI I. SINKINE,      )
    Defendant.     )

## MOTION TO INTERVENE AS A CODEFENDANT

   COMES NOW the Intervenor, Tatyana Babakaeva, *pro se*, and pursuant to Virginia Supreme Court Rule 3:14 and Va. Code Ann. § 8.01-10 moves this Honorable Court for leave to intervene as a co-defendant in the above-style captioned case with the following purposes: (a) to protect her interest in the property subject to the Plaintiff's claim in this action; and (b) to defend against Plaintiff's assertions of Intervenor's conduct material to, and at issue at, this action and which, if adjudicated adversely to Intervenor, will have substantially prejudicial effect on Intervenor's rights.

   In support of her motion, Intervenor states as follows:

   1.  On or about June 2, 2009 Plaintiff filed with this Court a "Complaint for Contract Action" against Defendant.

   2.  The Complaint presents substantively a duplicate cause of action asserted by the complaint previously filed by the same Plaintiff against the same Defendant in this Court, Civil Case No. CL0801064V-04, which was subsequently removed to the U.S. District Court and which is now pending in the U.S. Court of Appeals for the Fourth Circuit, Case No. 09-1956.

   3.  The Complaint asserts a claim based on an agreement letter ("Agreement")

1

between Plaintiff and Defendant. Said Agreement allegedly provided that Defendant's *"indebtness at [the time of executing the Agreement] to Plaintiff and any future amount due for legal expenses and costs incered were to be paid out of Defendant's share of the net equity from the sale of Defendant's marital home."*

4.      Defendant and Intervenor jointly owned the real estate, that is subject to the provision of the alleged Agreement, by tenancy in entirety. The real estate was sold prior to the owners' divorce. Upon the final divorce *a vinculo matrimonii*, the survivorship rights of the owners in the proceeds from the sale of the real property extinguished by operation of law, without affecting any and all other Intervenor's property rights in said proceeds.

5.      Plaintiff does not, and cannot, argue that Defendant has any beneficiary interest in the remainder of the proceeds from the sale of the marital house ("Funds").

6.      Intervenor has affirmatively claimed her undivided interest in the Funds.

7.      After the date the Divorce Court granted to Intervenor the divorce *a vinculo matrimonii*, Defendant has not asserted his interest in the Funds.

8.      The Complaint alleges that the Funds are subject to an attorney charging lien asserted by a Plaintiff's agent.

9.      The validity of the alleged attorney charging lien was disputed by Intervenor's motion in Hampton Circuit Court, and the Motion has not been opposed by the alleged lienholder who, after the filing of Intervenor's Motion, voluntarily terminated the proceedings on the enforcement of the purported lien.

10.     The Complaint alleges, through the accompanying affidavit of the Plaintiff's agent, that Intervenor was substantially involved into purportedly improper conduct, particularly that she and Defendant jointly attempted to obtain possession of the Funds with the purported

2

purpose to remove their property from the Commonwealth allegedly in order to defraud Plaintiff.

11.     Intervenor bears substantial risk that a judgment may be entered disposing the Funds or a part thereof, in which Funds Intervenor has her undivided interest, as property of Defendant and in satisfaction of the alleged Defendant's obligations, which jeopardies her substantial property rights in the Funds.

12.     Intervenor bears substantial risk that, if she is not a made party and therefore could not defend in this action, the Court may find adversely to Intervenor on the issues pertaining to her allegedly inproper conduct which will be significantly prejudicial for Intervenor.

WHEREFORE, Intervenor Tatyana A. Babakaeva respectfully moves this Honorable Court for leave to intervene in this action as a Codefendant pursuant to Virginia Supreme Court Rule 3:14 and Va. Code Ann. § 8.01-10.

*Tatyana A Babakaeva*
Tatyana A. Babakaeva, *pro se*
2124 Criston Dr.
Newport New, VA 23602
Phone: (757) 249-3072

## CERTIFICATE OF CERVICE

I certify that on the 31[th] day of August, 2009 I mailed first class, postage prepaid, a true and accurate copy of the foregoing Motion to Robert P. Quadros, Esquire, Counsel for the Plaintiff, Quadros & Associates, P.C., 2715 Huntington Ave., Newport News, Virginia 23607.

*Tatyana A Babakaeva*
Tatyana A. Babakaeva, *pro se*
2124 Criston Dr.
Newport New, VA 23602
Phone: (757) 249-3072

3