# Exhibit 30

VIRGINIA:
    IN THE CIRCUIT COURT FOR THE CITY OF NEWPORT NEWS

---

JONES, BLECHMAN, WOLTZ & KELLY,

        Plaintiff,

v.                              AT LAW NO.
                                CL0801064V-04

NIKOLAI I. SINKINE,

        Defendant.

---

TRANSCRIPT OF PROCEEDINGS

Newport News, Virginia

September 29, 2009

Before: THE HONORABLE H. VINCENT CONWAY, JR., JUDGE

Appearances:

    QUADROS & ASSOCIATES, P.C.
    By: PAUL ROBERT QUADROS, ESQUIRE
        Counsel for the Plaintiff

    Also Present: Tatyana A. Babakaeva

ADAMS HARRIS REPORTING, INC.
(757) 631-0458



```
 1                    (Whereupon, the proceedings commenced
 2   at 11:35 a.m.)
 3
 4           THE COURT:  Good morning, counsel, party --
 5           MR. QUADROS:  Good morning.
 6           THE COURT:  -- or proposed party.
 7   Where is your former husband this morning?
 8           MS. BABAKAEVA:  (Indicating.)
 9   I guess it's my motion.
10           THE COURT:  I guess what?
11           MS. BABAKAEVA:  I guess this is my motion.
12           THE COURT:  This is your motion.
13           MS. BABAKAEVA:  Uh-huh.
14           THE COURT:  All right.  Let me talk to you
15   a little bit.  You may have a seat.
16           MS. BABAKAEVA:  Thank you.
17           THE COURT:  Mr. Quadros knows all about
18   this through paperwork, but this Court initially became
19   involved in this matter in an attachment action or a
20   charge for a lien.  That was the first matter filed in
21   this court.  And the Court determined to recognize the
22   lien as to Mr. Sinkine's interest.  The problem was, if
23   you look at the transcript, and for once I can read my
24   own language and recognize it, the Court said that, "We
25   recognize the lien, but that doesn't tell us anything
```

1  until we determine the property interests." And at
2  that time the Court suggested a number of things; a
3  settlement conference, on and on, and finally asked
4  Mr. Bacon if he could approach the Hampton Circuit
5  Court and request that they, who had not determined the
6  property interests but had entered a divorce -- if they
7  would transfer the matter to this court and the Court
8  would then determine the property interests and
9  determine if the lien made any sense. The Court also
10  allowed Mrs. Bevelakwa --
11        MS. BABAKAEVA: Babakaeva.
12        THE COURT: Let me see, make sure I've got
13  that right here.
14        MS. BABAKAEVA: Okay.
15        THE COURT: Babakaeva?
16        MS. BABAKAEVA: Uh-huh.
17        THE COURT: Thank you.
18        -- to become a party in the case because
19  the Court recognized that her position was, and it may
20  be supported by the evidence, that she had the interest
21  in the funds, that her husband had none. And so we
22  went back and forth. And then Mr. Bacon advised me
23  that the matter had been removed to the federal
24  district court.
25        I believe now I have a note it's gone to

```
 1   clerk of court just said -- I mean --
 2           THE COURT: Clerk of court sent you up
 3   here. I understand all that confusion. My question
 4   is, he's the defendant. You are not. You have no
 5   right to represent him.
 6           MS. BABAKAEVA: I know. I'm not going to
 7   represent him.
 8           THE COURT: All right. Where is he, asking
 9   this Court for a jury trial, if he is? You don't know,
10   right?
11           MS. BABAKAEVA: He's working. I don't.
12   He's working very, very hard, so -- I mean, he --
13           THE COURT: Mr. Quadros, tell me if I'm
14   wrong. Isn't this a suit just for money?
15           MR. QUADROS: Correct, Your Honor.
16           THE COURT: You don't even ask about
17   sources in here. There's an issue, of course, that he
18   said in some letter that it would be paid from here,
19   but you don't care where it's paid from, your issue is
20   whether one dollar is due, 31,000, 9,000 or 15?
21           MR. QUADROS: That's correct, Your Honor.
22           THE COURT: Now, in the other suit, ma'am,
23   in which you had an interest, on page 14 of the
24   transcript I said to you, beginning with the second
25   paragraph, "The Court has heard divorce cases and
```

```
 1   decided property matters and, to summarize, sometimes
 2   when we get close to the issue of attorney's fees
 3   citizens feel uncomfortable when a local judge hears
 4   the matter and those attorneys appear before the
 5   Court" --
 6             MS. BABAKAEVA:  I remember.
 7             THE COURT:  -- that I was not aware of any
 8   reason that I could not decide the property interests
 9   or the validity of the lien, but I asked you to let me
10   know if there was a concern that you had and, if so, we
11   would have to get another judge to hear it.  On the
12   bottom of page 15, you said -- Babakaeva, right?
13             MS. BABAKAEVA:  Uh-huh.
14             THE COURT:  -- "No, I don't think it would
15   be necessary."
16             MS. BABAKAEVA:  (Moves head up and down.)
17             THE COURT:  I was not talking to your
18   former husband.  I was talking to you.
19             MS. BABAKAEVA:  (Moves head up and down.)
20             THE COURT:  Now he is being sued directly
21   in a matter of attorney's fees before this Court and,
22   as I have indicated, I don't think you have any
23   interest in that.
24             The nature of the attorney-client contract,
25   representing an opposing party would disqualify you
```

```
 1   from having any interest anymore than he has an
 2   interest in any dispute that you would have with a
 3   former attorney.  My question is -- and sometimes you
 4   can't help being part of the problem, I guess -- when
 5   an amount is due allegedly to Jones, Blechman, Woltz &
 6   Kelly against a pro se defendant who on writing has
 7   demanded a jury trial but is not in court, does it look
 8   improper for this Court to hear that issue sitting
 9   without a jury or even a jury trial to make rulings on
10   any possible expert evidence that may be offered?
11            Normally, this Court, the Circuit Court,
12   declines to hear matters involving direct attorney's
13   fees' claims by attorneys who appear in court.  Some
14   judges in the Circuit Court are adamant about that.
15   I'm not until I talk to the parties because nine times
16   out of ten they're resolved before we get to the
17   hearing stage and to get another judge involved just
18   extends the whole process.
19            My concern, Mr. Quadros, in this case is
20   attorney's fees are being requested by a firm that I
21   was a member of from '95 to '99 in a situation in which
22   apparently everything becomes a conflict.  I do not
23   have Mr. Sinkine here to even talk to to waive that as
24   his former wife did on the property issue.
25            I am of the opinion the Court should
```