Exhibit 33

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| TATYANA A. BABAKAEVA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 4:09cv58 |
| | ) |
| PAUL H. WILSON and | ) |
| WILSON & WILSON, P.C., | ) |
| | ) |
| Defendants. | ) |

## DECLARATION OF BRYAN H. SCHEMPF

Bryan H. Schempf, having direct knowledge of the information set forth below, hereby deposes and declares as follows:

1. I, Bryan H. Schempf, am an attorney duly licensed to practice law in the Commonwealth of Virginia. I am a partner in the law firm of Jones, Blechman, Woltz & Kelly, P.C. located in Newport News, Virginia.

2. In the spring of 2007 and thereafter I represented Nikolai Sinkine in a divorce action against his spouse, Tatyana A. Babakaeva. From approximately mid-March of 2007 to mid-June of 2007, Babakaeva was represented by Paul Wilson of the law firm of Wilson & Wilson, P.C.

3. In April of 2007, the parties agreed to place the remainder of proceeds from the sale of the marital residence in an escrow account to be controlled by Wilson. The sum presented to Wilson for this purpose was $92,291.07.

4. It has been represented to me that Nikolai Sinkine disclaimed his complete interest in the escrow funds. Assuming this to be true, payment of $92,291.07 to Tatyana A. Babakaeva would constitute her entire interest in the remainder of the proceeds from the sale of the marital residence.

5. A hearing was set to resolve all primary issues of the divorce on May 24, 2007. This was a demanding, involved hearing. The preparation for the hearing and the representation of my client at the hearing took up the entire day.

6. During the May 24, 2007, divorce hearing, while arguing the custody issue, Wilson noted that his client was "subject to being deported." He was making this argument to strengthen his request to have his client remain in sole custody of the couple's child. I believed it to be a forceful and persuasive argument.

7. At no time did I understand Mr. Wilson to be arguing for anything other than his client remaining in sole custody of the child.

8. It is important to note that I understood Ms. Babakaeva actually to be at risk for deportation based upon information provided to me by my client, and independent of Mr. Wilson's representations at the hearing.

9. It was my observation that Paul Wilson represented his client professionally and well during the hearing and throughout his representation of Ms. Babakaeva. During the May 24, 2007 hearing, the parties initially reached agreement as to the distribution of the escrow funds, but Babakaeva later reneged on the agreement. As a result, subsequent hearings were needed. Babakaeva substituted in new counsel in Wilson's place.

10. The Hampton Circuit Court entered a decree on June 19, 2007, directing Wilson to withhold the escrow funds "until further order of the court."

11. This was a difficult divorce and the parties were ultimately unable to reach agreement as to distribution of the escrow funds during my representation of Mr. Sinkine which lasted until the fall of 2007.

12. I never engaged in any "conspiracy" and there was never any unprofessional request made between or among counsel during my representation of Nikolai Sinkine in his divorce from Tatyana A. Babakaeva. Paul Wilson never agreed to protect my attorney lien interest in any way or in any specific asset, including the escrow fund, and I never made such a request to Wilson.

I declare under penalty of perjury that the foregoing is true and correct.

4/20/10
Date

Bryan H. Schempf
Jones, Blechman, Woltz & Kelly, P.C.
701 Town Center Drive, Suite 800
Newport News, Virginia 23606
757-873-8110

2